BURKE, WATT & CO. *vs.* TAYLOR; N. & E. FORD & CO., GARNISHEES.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When judgment has been rendered against the defendant, proceedings may be immediately had against the garnishees, to pay over the funds or effects, even before final judgment is signed.

If the answers of garnishees state facts which the plaintiffs attempt to disprove, it is a proper case for a jury; but when the question is entirely one of law, relating to the sufficiency of the answers, and the legal inferences deducible from them, the court will decide.

The promise of garnishees to pay the defendant's drafts or bills, can give them no privilege or claim on any funds of his coming into their hands, over third persons or attaching creditors, who seize them before actual payment; and if they subsequently pay them, they cannot plead compensation to the vested rights of attaching creditors.

This is an action by the payees of a bill of exchange, against the drawer.   The defendant, at Columbia, in Arkansas, on the 5th July, 1837, drew his bill for one thousand seven hundred and fifty-one dollars, in favor of the plaintiffs, on N. & E. Ford & Co., of New-Orleans, which was protested at maturity for non-payment.

EASTERN DIST.
*April*, 1840.

BURKE ET AL.
*vs.*
TAYLOR ET AL.

The plaintiffs, on the 20th October, 1837, commenced suit by attachment, which was levied the same day on all the property, rights and credits of every kind, in the hands and possession of N. & E. Ford & Co., and belonging to the defendant.   They were cited as garnishees, and required to answer interrogatories:

1. Had they in their possession, or under their control, any goods or effects, real or personal, belonging to the defendant?

2. Are you indebted to the defendant, in any sum of money now due, or to become due hereafter?

3. Are you the agent of any person or firm who is indebted to the defendant, in any sum due, or to become due?   If yea, state the amount.

4. Do you know of any sum of money due, or to become due, by any person or firm, to the defendant?   If yea, state the same fully and at large.

To these interrogatories, N. & E. Ford & Co. made the following answers:

1. They have some money belonging to Wm. Taylor.

2. We are indebted to Wm. Taylor.

3. No.

4. We are indebted to Wm. Taylor in the sum of one hundred and thirty-two dollars forty-nine cents; that being the balance now in our hands.   Wm. Taylor had a letter of credit from the house of N. & E. Ford & Co. for the sum of two thousand dollars; the balance of the money belonging to him was appropriated to meet that letter of credit.

The plaintiffs obtained judgment on the 26th November, 1838, against the defendant, and the next day took a rule on the garnishees, to show cause why judgment should not be entered against them for the amount of the plaintiff's

demand; first, because their answers do not fairly and truly set forth the amount of money or other property they·hold of the defendants, but are evasive and insufficient; second, by their own showing, they hold an amount sufficient to pay and satisfy the attachment demand, which is subject to it.

The garnishees averred they had answered fairly, and truly set forth what amount of money they had in their hands belonging to the defendant, and that the plaintiffs have no claim against them, except for the balance they admit, and which they are ready to pay over. They pray for a trial by jury; which was refused by the court, and they took a bill of exceptions. Evidence was produced in support of the answers, and to show that the garnishees had paid drafts of the defendant, and reducing their fund to the amount admitted to be on hand.

There was judgment against them on the rule, and they appealed.

*Josephs*, for the plaintiffs and appellees, urged the affirmance of the judgment.

*Jones*, for the garnishees and appellants, insisted: First, that the rule taken against the garnishees to show cause why they should not pay the amount of judgment against defendant, was premature; it was taken on the day succeeding the trial of the case between plaintiffs and defendant, and before there was any final judgment. Second, no notice of judgment has ever been served on defendant, or on any person representing him. Third, the court erred in refusing the garnishees a trial by jury, as prayed for in answer to rule. See the case of *Gale* vs. *Quick's Bail*, 2 *Louisiana Reports*, 348; *Meeker's Assignees* vs. *Williamson et al., Syndics*, 7 *Martin*, 317. Fourth, the judgment is contrary to the evidence on file; the answers of the garnishees are full and explicit, and the evidence taken supports them.

*Morphy, J.*, delivered the opinion of the court.

This is a case of attachment, in which N. & E. Ford & Co. were made garnishees, and interrogated in order to ascertain whether they had in their possession any property or funds belonging to the defendant, or were in any manner indebted to him, at the time the interrogatories were served on them. The answers were considered by the court below as insufficient and evasive. Judgment being rendered against the defendant, the garnishees were condemned to pay the amount of it, and from this judgment they have appealed. Before coming to the merits of this case, two preliminary questions must be disposed of.

EASTERN DIST.
*April*, 1840.

BURKE ET AL.
*vs.*
TAYLOR ET AL.

It has been contended that the action of the court below against the garnishees, was premature, because the judgment against the defendant had not yet become final. The record shows that judgment was rendered on the 26th of November, 1838, against Taylor; that the next day a rule was taken on the garnishees, but that it was tried only on the 8th of December following; several days after the judgment had been signed, and had become final. In this proceeding we can see nothing of which the garnishees can complain. The signing of a judgment relates back to the time of its rendition. No hardship was imposed on the appellants, nor did they have any advantage, by the course pursued. They were permitted to file their answers more than two weeks after the service of the interrogatories on them, and no step was taken in the cause for more than twelve months afterwards. It might as well be contended that no action is to be had against a garnishee, until the judgment against the defendant be affirmed in the appellate court.

When judgment has been rendered against the defendant, proceedings may be immediately had against the garnishees to pay over the funds or effects; even before final judgment is signed.

Our attention was next called to a bill of exceptions to the opinion of the judge, for refusing to grant the garnishees a trial by jury. We think that the judge did not err. Had the answers stated facts which the plaintiffs had undertaken to disprove, the pleadings would have presented such an issue as would have been properly within the province of a jury; but here, the question was one entirely of law. It turned on the sufficiency of garnishees' answers, under the

If the answers of garnishees state facts which the plaintiffs attempt to disprove, it is a proper case for a jury, but when the question is entirely one of law, relating to the sufficiency of the answers, and the legal inferences deducible from them, the court will decide.

EASTERN DIST.
April, 1840.

BURKE ET AL.
vs.
TAYLOR ET AL.

provisions of our law, and on the legal inferences deducible from them.

The answers of these garnishees are far from being clear and categorical, as required by article 262 of the Code of Practice. The answer to the fourth interrogatory is in these words: "We are indebted to Wm Taylor in the sum of one hundred and thirty-two dollars, forty-nine cents, that being the balance now in our hands. Wm. Taylor had a letter of credit from the house of N. & E. Ford & Co., for the sum of two thousand dollars; the balance of the money belonging to him was appropriated to meet that letter of credit." This answer, taken by itself, is clearly insufficient and unsatisfactory. It was made on the 8th of November, 1837. It does not show the state of the accounts between garnishees and defendant at that date, and still less on the 20th of October preceding, when the service of the attachment was made on them. Was this letter of credit ever used by defendant, and at what time? If it was used, had garnishees paid any amount drawn against it, and what amount? It is stated that out of a sum of two thousand one hundred and thirty-three dollars, forty-nine cents, belonging to defendant, two thousand dollars had been appropriated to meet this letter of credit, having only in their hands a balance of one hundred and thirty-three dollars forty-nine cents; but by whom, and at what time, was such appropriation made? The answer can solve none of these important inquiries. Considered alone, it amounts to an admission that the garnishees were in possession of funds sufficient to cover the demand of plaintiffs, but that they thought themselves authorized to appropriate and retain the amount of a letter of credit they had given the defendant. It was the undoubted province of the court, not of a jury, to pronounce on the sufficiency of these answers, and on the right assumed by these garnishees to pay themselves in preference to the plaintiffs. The appellants appear to have been themselves aware of the vagueness of their answers, for on the trial they endeavored to make them more explicit, by offering in evidence a letter of credit of the 16th of February, 1837,

given by them to the defendant, and a protested draft drawn
on them by Taylor, dated the 1st of March of the same year. From a line written across the draft, it would appear to have
been paid by appellants more than a month after the service of the plaintiffs' attachment on them. This evidence was received below, subject to all legal exceptions. Its admissibility is extremely doubtful ; for if a garnishee is not permitted to explain his answers by amending them, there is, perhaps, no good reason why he should have the privilege of explaining them by evidence. But, granting the garnishees the benefit which they claim of introducing this explanatory evidence, it does not materially better their case. If it shows any payment at all by them of Taylor's draft, it shows that payment to be subsequent to the service of the interrogatories on them. Their counsel has urged, that, although at that time they had not actually paid this draft, they had made themselves liable for its amount. He has appealed to a recent decision of this court, in which it has been held that an acceptance made by a factor or commission merchant, on consigned goods, will give the same lien as a cash advance. It is evident that the principles regulating the rights and privileges of factors and commission merchants, are in no manner applicable to the present case. It is clear that the promise to pay the defendants' bills, could give appellants no privilege or claim whatever on any funds of his coming into their hands, to the prejudice of third persons ; for until they had actually paid his drafts, they were not his creditors. It is equally clear, that if they did subsequently pay the defendant's draft on them, they cannot now plead compensation in opposition to the vested rights of the attaching creditors. *Louisiana Code, article* 2212.

The promise of garnishees to pay the defendants drafts or bills, can give them no privilege or claim on any funds of his coming into their hands, over third persons or attaching creditors, who seize them before actual payment, and if they subsequently pay them they cannot plead compensation to the vested rights of attaching creditors.

It has not been proved, nor is it pretended, that Taylor made any specific appropriation or delegation of these particular funds to meet his draft ; nothing, therefore, authorized garnishees to retain the amount for which they were only liable, to the prejudice of the plaintiffs, who must receive the reward of their diligence in securing a debt actually due.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.